UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. 24-cr-00540-RC |
| v. | : | |
| | : | |
| ROLAND HARRIS, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

From approximately October 2020 through July 2023, defendant Roland Harris stole approximately $45,215.17 from American Family Life Assurance Company ("AFLAC"), an insurance company based in Georgia. He did so by submitting no fewer than thirteen fraudulent disability or health care claims to AFLAC, claiming injuries that he never had, and including forged and fraudulent claim forms and medical records that he himself created. All the while, Harris continued to work for the Washington Metropolitan Area Transit Authority ("WMATA") and collected his regular paychecks during the periods he was purportedly disabled. When the defendant learned of the government's investigation of this conduct, however, he promptly took responsibility and admitted to the scheme.

For this reason, the government recommends that the Court sentence the defendant to a within-guidelines sentence of three years of probation, $45,215.17 in restitution payable to victim AFLAC, $45,215.17 in a forfeiture money judgment, and a $100 special assessment. Such a sentence would be sufficient but not greater than necessary to comply with the purposes of sentencing.

    I.      **Factual and Procedural Background**

As noted in the Statement of Offense (ECF No. 6) and Draft Pre-Sentence Investigation Report ("PSR") (ECF No. 11), at all relevant times, Harris was employed by WMATA that

operated in the District of Columbia and elsewhere. Over the better part of three years, Harris repeatedly submitted false and fraudulent insurance claims to AFLAC for which AFLAC paid him more than $45,000. At the time he submitted each claim, Harris knew that he was not disabled and that the insurance claim was fraudulent. He also knew that the "Physician's Statements" accompanying each claim were not in fact completed or signed by his physician, but rather were completed and signed by Harris himself. In short, each of the thirteen claims and the supporting documents submitted by Harris were fraudulent insofar as none of the documents were completed or signed by a physician, Harris was not injured on the dates indicated, Harris continued to work for WMATA and collected his regular paychecks during the periods he was purportedly disabled, and Harris was not treated by a physician on the dates indicated.

To his credit, once he was confronted with these facts, Harris promptly admitted responsibility before he was criminally charged and agreed to plead guilty to one count of Health Care Fraud, in violation of 18 U.S.C. § 1347. An information was filed on November 27, 2024 (ECF No. 1), and Harris pleaded guilty on January 16, 2025.

As the parties noted in the plea agreement (ECF No. 5), Health Care Fraud carries a maximum sentence of ten years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3), (d); a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

## II. U.S. Sentencing Guidelines

In the plea agreement, the parties contemplated, and the PSR writer agreed, that the defendant's offense level under the U.S. Sentencing Guidelines ("USSG") would be offense level 8 after giving 2 levels of credit for acceptance of responsibility and applying the zero-point offender provision of U.S.S.G. § 4C1.1. The relevant USSG provisions at issue here are:

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1(a)(2) | Base Offense Level | 6 |
| U.S.S.G. § 2B1.1(b)(1)(D) | Loss Greater Than $40,000 | +6 |
| U.S.S.G. § 3E1.1 | Acceptance of Responsibility | -2 |
| U.S.S.G. § 4C1.1 | Zero-Point Offender | -2 |
| | Total | 8 |

The PSR writer also concluded (and the parties agree) that the defendant has a criminal history score of zero putting him in Criminal History Category I. At Criminal History Category I and total offense level of 8, the recommended guideline imprisonment range is 0 to 6 months, with a fine range of $2,000 to $20,000. These are the guidelines as set forth in the parties' plea agreement.

## III. The 18 U.S.C. § 3553(a) Factors Support a Sentence of Probation

The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment. 18 U.S.C. § 3553(a)(2). The Court also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range under the guidelines, any relevant policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victims. 18 U.S.C. § 3553(a)(1)-(7).

First, as to the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, a period of probation to include restitution is an appropriate sentence. The defendant's participation in the fraudulent scheme was not a one-off event nor a crime of opportunity: it was a deliberate concerted offense, committed multiple times. In at least thirteen separate instances, Harris created and submitted fraudulent health care and disability claims to AFLAC, which included forged doctor signatures and other medical records for injuries and disabilities that he never had. However, the aggregate loss – as reflected in the Guidelines calculation of an offense level of 8 in the probation-eligible Zone A – was relatively limited. Considering this, the requested sentence of a lengthy period of probation, restitution, and forfeiture would reflect the nature, circumstances, and seriousness of the offense.

Next, as to the need to promote respect for the law and to deter both Harris and others from this type of criminal conduct, the requested sentenced would also serve to deter Harris, specifically, and other would-be fraudsters looking to make an easy buck at the expense of health care benefit programs such as AFLAC, generally, from perpetrating similar frauds in the future.

Concerning the defendant's history and circumstances, he deserves credit for early acceptance of responsibility and admitting his actions before being formally charged. That said, the portrait set forth in the PSR is not one that excuses the defendant's behavior, nor provides a reason to depart from the guidelines or impose a more lenient sentence than the one proposed.

Finally, concerning unwarranted sentencing disparities, a sentencing court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" by "correctly calculat[ing] and carefully review[ing] the Guidelines range." *Gall v. United States*, 552 U.S. 38, 54 (2007). "[I]mposing a within-guidelines sentence is the surest way to avoid

4

unwarranted disparities." *United States v. White*, 737 F.3d 1121, 1145 (7th Cir. 2013). Again, the government believes the recommended within-guidelines sentence is appropriate.

**IV.    Restitution and Forfeiture**

As part of the Information and plea agreement in this case, the defendant agreed to the entry of a forfeiture money judgment, pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c). Based upon the facts set forth in the statement of offense and the PSR, the forfeiture money judgment against Harris should be in the amount of $45,215.17. A proposed final order of forfeiture is attached to this memorandum.

In addition to forfeiture, the defendant also should be ordered to pay restitution in the total amount of $45,215.17, to be disbursed from the Court to AFLAC. Mandatory restitution applies in this case under 18 U.S.C. § 3663A.

## **CONCLUSION**

The defendant's conduct must not be taken lightly. Forging medical records and defrauding health care benefit programs such as AFLAC is serious. The defendant, however, admitted his wrongdoing and took responsibility for his actions.

WHEREFORE, for the foregoing reasons, the Court should sentence the defendant to a term of three years of probation, order restitution in the amount of $45,215.17, and issue a consent order of forfeiture with a money judgment in the amount of $45,215.17. This guidelines sentence is appropriate given all the § 3553(a) factors here. Such a sentence would be sufficient but not greater than necessary to achieve the purposes of sentencing.

          Respectfully submitted,

          JEANINE FERRIS PIRRO
          United States Attorney
          for the District of Columbia

By:    */s/ Brian P. Kelly*
      BRIAN P. KELLY
      Assistant United States Attorney
      United States Attorney's Office
      District of Columbia
      D.C. Bar No. 983689
      601 D Street NW
      Washington, DC 20530
      (202) 252-7503
      Brian.Kelly3@usdoj.gov